New Orleans Motor Company, Inc. v. Commissioner.
New Orleans Motor Co. v. Commissioner
Docket No. 17531.
United States Tax Court
1949 Tax Ct. Memo LEXIS 132; 8 T.C.M. (CCH) 643; T.C.M. (RIA) 49173; June 30, 1949
*132 S. W. Ryniker, Esq., 402 Maritime Bldg., New Orleans, La., for the petitioner. Donald P. Chehock, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: By this proceeding petitioner challenges respondent's determination of a deficiency in income tax for the year 1944 in the amount of $1,030.66. The deficiency resulted in part from respondent's action in disallowing a deduction of $3,618.90 paid by petitioner to the Office of Price Administration and claimed as an ordinary and necessary expense. Other adjustments are not contested. Findings of Fact Petitioner, a Louisiana corporation, filed its corporation income and declared value excess-profits tax return for the year 1944 with the Collector of Internal Revenue for the district oe Louisiana. It keeps its records and prepares its returns on an accrual basis of accounting. Petitioner is engaged in New Orleans, Louisiana, in the business of retail automobile sales and service. From its formation in the year 1916 it has handled Ford cars, and it now is the largest Ford dealer in Louisiana. During the late spring and summer of the year 1944 the Office of Price Administration, hereinafter *133 called O.P.A., through its New Orleans office, began to check the operations of various franchised automobile dealers in that city in connection with violations of O.P.A. regulations: In particular, a group of O.P.A. investigators checked the charges petitioner had made for service and presented to it figures which they claimed represented overcharges by petitioner in violation of O.P.A. regulations. In connection with the O.P.A. claims, petitioner was represented by a lawyer named Frank B. Ellis who was also an attorney for The New Orleans Automobile Dealers Association, of which petitioner was a member. Several other members of that Association were also disputing claims of O.P.A. at that time, and in discussions with O.P.A. representatives Ellis argued that there were no violations because O.P.A. was attempting to use a March, 1942, base period whereas, because of higher costs of labor and materials, the situation of petitioner and the other members was much different in 1944 than in 1942. Ellis understood that O.P.A. had the right to bring suit against petitioner to recover penalties for the violations claimed. No such suit was actually brought or directly threatened. Petitioner *134 and several other dealers against whom claims were pending decided as a matter of policy to cooperate with O.P.A. in order to arrive at amounts in settlement of the claims. They were some of the largest automobile dealers in the State, and they believed that they had been chosen by O.P.A. as "guinea pigs" in order that O.P.A. might thereafter have their cases as precedents in its investigations of and claims against other dealers. They decided it would be to their advantage to make "voluntary" payments to O.P.A. to avoid the risk of jeopardizing their business and the nuisance of further controversy. Petitioner had a rapid turn-over among its employees during the war years, and it was impractical for petitioner to search out individual customers who might have been overcharged for service during that period. Petitioner paid Ellis a fee of about $600 for his services in connection with settlement of the O.P.A. claims. Pursuant to Ellis' advice, petitioner paid $3,618.90 to O.P.A. sometime during the latter half of the year 1944 in settlement of its claims. In its return for the year 1944 petitioner sought to include the $3,618.90 as a deduction under "Other deductions authorized *135 by law." In his notice of deficiency respondent "* * * held after careful consideration of the evidence of record, that the payment of $3,618.90 made in 1944 to the Office of Price Administration, in compromise settlement of action proposed to be instituted under Section 205(e) of the Emergency Price Control Act of 1942, is not deductible as an ordinary and necessary expense under the provisions of Section 23(a)(1)(A) of the Internal Revenue Code." Opinion No phase of the facts in the present proceeding seems to us more favorable to petitioner than those in Scioto Provision Co., 9 T.C. 439. Under even more extreme circumstances a deficiency similarly founded on disallowing the deduction of O.P.A. penalties was sustained in Jerry Rossman Corp., 10 T.C. 468. These decisions are controlling. On their authority, Decision will be entered for the respondent.